IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NAIM SATCHER, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-0919 |
| | : | |
| POLICE OFFICER ARMSTEAD, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**MARSTON, J.**                                                                                                                                                                                                             May 20, 2021

      Plaintiff Naim Satcher, a prisoner currently incarcerated at SCI-Phoenix, filed a Complaint for civil rights violations pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Named as Defendants are Philadelphia police officers Armstead and Wottman,[1] Assistant District Attorney Marcus Long, Mayor Jim Kenney, and the City of Philadelphia. (*Id.* at p. 2.) Mr. Satcher seeks to proceed *in forma pauperis* and has submitted a copy of his institutional account statement. (Doc. Nos. 1, 5–6.)[2] For the following reasons, the Court will grant Mr. Satcher leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.     FACTUAL ALLEGATIONS**

      Mr. Satcher's Complaint is somewhat difficult to parse. Taking his allegations as true and in the light most favorable to him, the facts are as follows.

---

[1] Mr. Satcher does not provide first names for Officers Armstead and Wottman, but does provide what appear to be their badge numbers. According to Mr. Satcher, Officer Armstead is badge number 3377, and Officer Wottman is badge number 6967.

[2] The Court denied Mr. Satcher's initial Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 1) because it was unsigned and because he had failed to include a certified copy of his prisoner account statement (*see* Doc. No. 4 at ¶¶ 2, 5). Mr. Satcher subsequently filed a signed copy of his motion and a certified copy of his prisoner account statement. (Doc. Nos. 5 & 6.)

1

On February 14, 2020, Defendant Officer Armstead was conducting plain-clothes surveillance on Jasper Street in Philadelphia. (Doc. No. 2 at p. 6.)[3] Officer Armstead allegedly wrote a false police report in which he stated he observed several men engage in a conversation. (*Id.*) Officer Armstead then observed a man named Tin Tran approach a man named Stewart. (*Id.*) After watching these two men have a conversation, Officer Armstead allegedly saw Mr. Tran hand Stewart money in exchange for small objects. (*Id.*) Mr. Tran then left the area and Officer Armstead called for back-up officers to arrest Mr. Tran on Kensington Avenue. (*Id.*)

Meanwhile, Officer Armstead stated he saw Mr. Satcher arrive on Jasper Street in a Camry. (*Id.*) Officer Armstead reported that Mr. Satcher met with a male named Purdy—whom Mr. Satcher admits is his sister's boyfriend—and engage in conversation. (*Id.*) Mr. Satcher relays that Officer Armstead's police report stated that Stewart sent Purdy to check the area and look inside vehicles. (*Id.*) However, the report did not state that Officer Armstead witnessed any kind of transaction, but rather radioed for back-up officers to stop Purdy, Stewart, and Mr. Satcher. (*Id.*)

Mr. Satcher was then stopped nearby on Somerset Street by non-defendant Police Officer Collins. (*Id.*) Officer Collins searched Mr. Satcher and recovered $233.[4] (*Id.*) Officer Armstead's report stated that Mr. Tran possessed four Ziplock bags of a substance that allegedly tested inconclusive (presumably for drugs). (*Id.* at pp. 6, 8.) Mr. Satcher alleges Officer Armstead arrested him without probable cause and charged him with substantive drug offenses involving heroin and fentanyl (.12 grams), as well as a conspiracy charge, violating his Fourth and Fourteenth Amendment rights and intentionally inflicting emotional distress upon him. (*Id.*

---

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

[4] Later in his Complaint, Mr. Satcher implies that it was Officers Armstead and Wottman who stopped and searched him. (*Id.* at pp. 7–8.)

at pp. 6–7.) Mr. Satcher also claims that Defendant Officer Wottman conspired with Officer Armstead to file false charges, in contravention of Mr. Satcher's Fourth and Fourteenth Amendment rights, and intentionally inflicted emotional distress upon Mr. Satcher. (*Id.* at p. 8.)

Defendant Assistant District Attorney Marcus Long allegedly reviewed the police reports authored by Officers Armstead and Wottman and agreed to press charges against Mr. Satcher, despite being aware of the Officers' allegedly unconstitutional conduct and the "dangerous propensities" of officers within their precinct. (*Id.* at p. 9.) Mr. Satcher has also named Mayor Kenney and the City of Philadelphia as Defendants because Mayor Kenney permitted Officers Armstead and Wottman to file false police reports and false charges against him due to negligent supervision. (*Id.* at p. 10.) Mr. Satcher alleges a supervisory police official was not called to the scene of his arrest, which he contends was an unlawful course of conduct by police officials "with policymaking responsibility [who] knew of an[d] acquiesced in unlawful courses of conduct adopting [an] unconstitutional custom and a plausible nexus between the custom and my injuries sustained." (*Id.*) He asserts that Mayor Kenney was "aware of and it was well-known within the Philadelphia Police Department of deficient department policies and procedures, resulting in the failure to supervise, train and discipline Officer Armstead, [Officer] Wottman[,] and Officers within the Department resulting in the deliberate indifference to my constitutional rights." (*Id.*) Mr. Satcher seeks $15 million in damages as relief for his claims. (*Id.* at p. 4.)

A review of public records shows that Mr. Satcher was arrested along with Jerome Purdy and Zebbie Stewart on February 14, 2020 by Officer Armstead on drug and conspiracy charges. *See Commonwealth v. Satcher*, MC-51-CR-4214-2020. Mr. Satcher received a bail hearing on

February 15, 2020 but did not post bail until August 15, 2020.[5] (*Id.*) All charges remain pending with a preliminary hearing in the case scheduled for May 18, 2021.[6] (*Id.*)

## II. STANDARD OF REVIEW

The Court grants Mr. Satcher leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[7] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Mr. Satcher is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established.").

## III. DISCUSSION

### A. *Claims Against ADA Long*

The only allegation against ADA Long is that he reviewed the police reports authored by Officers Armstead and Wottman and decided to press charges against Mr. Satcher. This claim is

---

[5] It is unclear from the record why Mr. Satcher remains incarcerated at SCI-Phoenix despite having posted bail.

[6] At time of writing, it is unclear from the state court docket whether this hearing took place.

[7] However, as Mr. Satcher is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

4

not a plausible basis for relief and will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Prosecutors such as Attorney Long are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). Absolute immunity extends to the decision to initiate a prosecution, actions taken while presenting evidence, and conduct taken while presenting a state's case at trial. *Id.* at 431 (decision to initiate trial, presenting at trial); *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992) (soliciting false testimony from witnesses); *Fogle v. Sokol*, 957 F.3d 148, 159–60 (3d Cir. 2020) (presenting evidence). Because the only allegation against Mr. Long involves his decision to initiate the prosecution against Mr. Satcher on behalf of the Commonwealth, Mr. Long is entitled to absolute immunity, and Mr. Satcher's claim against him will be dismissed with prejudice.

### B. Younger *Abstention*

Mr. Satcher's other claims, all of which are based on his arrest for which charges remain pending, are subject to abstention. "Abstention is a judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982). In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*).

*Younger* abstention "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." *Evans v. Ct. of*

*Common Pleas, Del. Cnty., Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992) (quoting *Younger*, 401 U.S. at 44). Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding. *Id.* ("In no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings."). The specific elements that warrant abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989).

The *Younger* requirements are clearly met in this case. First, the criminal proceeding against Mr. Satcher is still pending, and there is no question that it is a judicial proceeding. *See Thomas v. Coopersmith*, Civil Action No. 11-7578, 2012 WL 3599415, at *11 (E.D. Pa. Aug. 21, 2012). Second, the state proceedings implicate the Commonwealth's "important interest in bringing to justice those who violate its criminal laws." *Duran v. Weeks*, 399 F. App'x 756, 758 (3d Cir. 2010). Third, the criminal proceedings provide Mr. Satcher an adequate opportunity to argue in the state forum that his arrest by Officers Armstead and Wottman was made without probable cause. *See id.* at 758–59; *see also Scott v. Tonkin*, Civil Action No. 20-cv-5412, 2020 WL 7240447, at *4 (E.D. Pa. Dec. 9, 2020).

Accordingly, it is appropriate to abstain from entertaining the Complaint out of deference to the state judicial process. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the

stayed civil suit would impugn that conviction, *Heck* [*v. Humphrey*, 512 U.S. 477, 486–87 (1994)] will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." (citations omitted)); *accord Ellis v. Mondello*, Civ. A. No. 05-1492, 2005 WL 1703194, at *3 (D.N.J. July 20, 2005) ("[A]ssuming the criminal action is still pending in a state trial or appellate court, review of the state court proceedings would be barred; a district court cannot interfere in a pending state criminal action in order to consider issues that a plaintiff can raise there.").

## IV. CONCLUSION

For these reasons, Mr. Satcher's claims against Mr. Long are dismissed with prejudice. The remainder of Mr. Satcher's claims are stayed pursuant to *Younger* abstention doctrine.[8] Mr. Satcher may move to reopen this action following final resolution of his criminal case.[9]

An appropriate Order follows.

---

[8] *See Williams v. Hepting*, 844 F.2d 138, 144 (3d Cir. 1988) ("Williams' civil rights claims seek damages, relief that is unavailable from his ongoing state proceedings. We have required the district court to stay rather than dismiss claims that are under consideration in ongoing state proceedings."); *Kemp v. Alston*, No. CIV.A. 01-5552, 2002 WL 577029, at *2 (E.D. Pa. Apr. 16, 2002) ("Plaintiff will not be able to pursue his claims for damages during the state court criminal proceedings. Accordingly, the Court will stay all proceedings on plaintiff's claims for monetary damages until the final resolution of plaintiff's criminal case. In so doing, the Court notes that, should the pending criminal proceedings result in plaintiff's conviction, the Court's stay will extend through the plaintiff's exhaustion of available appellate and collateral relief under the rule of *Williams v. Hepting*." (citations omitted)).

[9] Given the need to stay further proceedings, the Court expresses no opinion at this time as to whether any remaining claim suffers any additional deficiencies. In other words, the Court will need to screen Mr. Satcher's remaining claims after his state criminal case is finally resolved.